October 30, 2026

**VIA ECF**
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *People ex rel. James v. KalshiEX LLC*, No. 26 Civ. 6550 (VSB) (S.D.N.Y.)

Dear Judge Broderick:

Pursuant to Rule 3 of the Court's Individual Rules in Civil Cases, KalshiEX LLC ("Kalshi") and the People of the State of New York, by the Office of the Attorney General ("OAG"), jointly submit this letter regarding the subpoena duces tecum issued by the OAG's Investor Protection Bureau to Kalshi on September 25, 2026 (the "Revised Subpoena"), which is attached as Exhibit A.

Counsel met and conferred on October 26, 2026, by videoconference for approximately ten minutes. Participating were Matthew Laroche, Nola Heller, Kelly Garcia, and DanLan Luo for Kalshi and Nina Varindani, Brent Tomer, and Alejandra de Urioste for OAG. The parties also met and conferred on September 11, 2026, which lasted for approximately twenty minutes. The parties were unable to resolve their disagreements.

## KALSHI'S POSITION

Kalshi seeks a protective order under Federal Rule of Civil Procedure 26(c) or, alternatively, under the All Writs Act ("AWA"), barring OAG from obtaining discovery about the claims in this action through the Revised Subpoena and directing OAG to seek such discovery here under the federal rules. A party may not use a non-judicial subpoena to evade the discovery rules, and the Court should grant Kalshi's requested relief.

Kalshi offers federally regulated derivatives on its designated contract market under the Commodity Exchange Act, subject to the exclusive jurisdiction of the Commodity Futures Trading Commission ("CFTC"). On July 31, 2026, OAG filed this action under N.Y. Executive Law § 63(12), seeking to ban Kalshi from offering event contracts within or from New York unless it obtains a Gaming Commission license, and to bar Kalshi from advertising those contracts. Petition ¶¶ 11–13, 96, Prayer for Relief ¶¶ A–B, Dkt. 1-1. This action raises a federal question: whether Kalshi's event contracts are swaps within the CFTC's exclusive jurisdiction or "unlawful gambling" under New York law. Kalshi removed the action; OAG's remand motion is pending. Dkt. 16.

The same day, the same OAG attorneys served an investigative subpoena (the "July Subpoena," Exhibit B) demanding "All Documents and Communications" about whether Kalshi "complies with state gaming laws," proprietary trading and market making, advertising and marketing, and communications with regulators on those topics. Ex. B at 5–7, Demands 1–12, 16.

On August 21, Kalshi objected in writing that the subpoena circumvented discovery here; was unduly burdensome; burdened rights under the First Amendment and Article I, § 8

of the New York Constitution; and was preempted. On September 11, OAG agreed to reissue the subpoena but did not engage with those objections. The Revised Subpoena, served September 25, dropped the information demands and the "state gaming laws" language but left the document demands largely intact. Ex. A (*see* Demands 1–8, 11). On October 5, Kalshi objected on the same grounds.

## I. Good Cause Exists for a Protective Order

The Court may, for good cause, issue a protective order "forbidding . . . discovery." Fed. R. Civ. P. 26(c)(1)(A). Good cause exists because the Revised Subpoena seeks discovery on the subject matter of this action before any discovery is permitted. A non-judicial subpoena "may not be used to evade the . . . rules governing discovery." *Trieschmann v. 347-349 E. 53rd St. Owners, Inc.*, 1993 WL 14970, at *2 (S.D.N.Y. Jan. 13, 1993). And when the State issues an investigative subpoena in furtherance of a pending action, it "is not authorized and the Attorney General is relegated" to ordinary discovery. *New York v. Fey*, 399 N.Y.S.2d 944, 945 (App. Div. 1977). In *People v. Anaconda Wire & Cable Co.*, 256 N.Y.S.2d 121, 123 (Sup. Ct. 1965), the court vacated such a subpoena because allowing it would "be grossly unfair" and deprive defendants of their rights to attend and cross-examine at any pre-trial examination. *See also People v. Butler*, 85 N.Y.S.3d 842, 846 (Sup. Ct. 2018).

The same is true here. The Revised Subpoena purports to investigate the "advertisement and marketing of [Kalshi's] platform to consumers." Ex. A at 1. But the Petition asserts a claim premised on that advertising and asks the Court to enjoin it. Pet. ¶¶ 35–40, 139, 144–45, Prayer for Relief ¶ A(c). Demands 1, 2, and 5 through 7 seek all documents and communications on that very conduct. Ex. A at 3. The remaining demands track the Petition's other allegations and remedies. Demands 3 and 4 seek all documents concerning platform transactions by, and payments to, marketing partners, which bear on the advertising allegations and the penalties OAG seeks. *Id.*; Pet. ¶¶ 38–39, 84, 139, 144–45, Prayer for Relief. Demands 8 through 10 seek all documents on proprietary trading, market making, and liquidity provisioning, which bear on the allegation that Kalshi "engages in bookmaking." Pet. ¶¶ 72–75, 107. And Demand 11 seeks everything Kalshi has produced to any regulator on these subjects. Ex. A at 4.

OAG's claim of a "wholly unrelated" fraud investigation does not withstand scrutiny. The same attorneys issued the July Subpoena the day they filed the Petition, and that subpoena expressly sought documents on whether Kalshi "complies with state gaming laws." Ex. B at 6. Demands 8 through 11 seek trading, market-making, and regulatory materials that have nothing to do with false advertising. Ex. A at 3. And the only advertisement the Petition calls misleading—"legal in all 50 states"—is misleading only if Kalshi's contracts are illegal gambling. Pet. ¶ 35. Section 63(12)'s non-abatement clause preserves genuine investigations; it does not authorize discovery in a pending action, which is why *Fey* and *Anaconda Wire* rejected such subpoenas. *Mobil Oil* involved a separate, industry-wide pricing investigation.

OAG should seek this discovery in *this* litigation. Using the subpoena instead deprives Kalshi of procedural safeguards in this case. Discovery may not begin here before the parties' Rule 26(f) conference, which has yet to occur, and it must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1), (d)(1). Kalshi would be entitled to have this Court resolve disputes and to seek reciprocal discovery from OAG, including on the Petition's allegations and claimed harms. The Revised Subpoena strips away those protections; it even purports to let OAG "approve, disapprove, modify or supplement any proposed list of custodians, search terms, LLM prompts, and review methodology," Ex. A at 9, Instruction 8. That loss of

procedural protections is a "clearly defined, specific and serious injury." Absent relief, Kalshi must either produce merits discovery outside the federal rules or face enforcement under CPLR 2308, while OAG obtains discovery Kalshi cannot obtain in return. OAG's ripeness cases are also inapposite. *Schulz* and *Google* were standalone pre-enforcement challenges, and in *Mohammadi* the pending action was the subpoena recipient's own suit to enjoin a state statute, filed seven months after a subpoena issued in an unrelated, incomplete investigation that the court doubted would ever be enforced. *Mohammadi*, 2025 WL 1029862, at *1–2. Here, OAG served its subpoena the day it sued Kalshi on the same subjects.

OAG's handling of Kalshi's objections shows why these safeguards matter. Kalshi objected that the demands are unduly burdensome and that many burden Kalshi's and third parties' expressive and associational rights under the First Amendment. *See, e.g.*, *Evergreen Ass'n v. Schneiderman*, 54 N.Y.S.3d 135, 144–46 (App. Div. 2017). These objections should be resolved through the discovery process in this case and under the Court's supervision, but OAG has not engaged substantively with them. That is the unsupervised, one-sided process the authorities above forbid. *Anaconda Wire*, 256 N.Y.S.2d at 123.

## II. The All Writs Act Authorizes Injunctive Relief

The Court also may enjoin OAG from using the Revised Subpoena to obtain discovery on the claims here. 28 U.S.C. § 1651. Courts have entered AWA orders against parties and non-parties, including state attorneys general, who use state proceedings to undermine a federal court's jurisdiction. *See Davis Int'l, LLC v. New Start Grp. Corp.*, 367 F. App'x 334, 338 (3d Cir. 2010) (affirming injunction where plaintiffs refiled related claims in state court "in the hope of beginning merits discovery which had been stayed" in federal court); *In re Baldwin-United Corp.*, 770 F.2d 328, 337 (2d Cir. 1985) (affirming AWA injunction against state attorneys general where "[t]he existence of multiple and harassing actions by the states could only serve to frustrate the district court's efforts to craft a settlement in the multidistrict litigation before it").

The same principles apply here, and *Younger* is no obstacle. *Younger* reaches only three "exceptional" categories, *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78, 82 (2013), and OAG invokes a test that *Sprint* held "not dispositive," *id.* at 81. The only enforcement proceeding is OAG's own Petition, now before this Court. Nor does the pending remand motion bar relief. The Court may preserve its jurisdiction while it determines that issue and, at a minimum, should bar enforcement of the Revised Subpoena in the interim. OAG's position would also permit any state enforcer to file suit and, the same day, serve an "investigative" subpoena on the same subjects, obtaining one-sided merits discovery in every enforcement action and rendering Rule 26 and this Court's supervision optional.

## <u>THE OAG'S POSITION</u>

Wholly unrelated to the improperly removed instant action concerning Kalshi's illegal gambling practices, OAG has commenced an investigation into potential fraud by certain players in the prediction market industry, including Kalshi. Pursuant to that investigation, OAG served Kalshi with a subpoena (the "Subpoena") seeking documents related to certain potential false advertisements. Now, Kalshi seeks to avoid compliance, once again disrupt state enforcement, and waste this Court's resources by seeking a protective order enjoining the duly authorized Subpoena.

As an initial matter, as OAG has set forth in its fully briefed motion to remand, this Court lacks subject matter over the instant action and, accordingly, the Court should decline to consider Kalshi's request. *See Elsis v. Hertz Corp.*, 581 F. Supp. 604, 608 (E.D.N.Y. 1984) (granting plaintiff's motion to remand and stating "as the Court lacks subject matter jurisdiction in this case it cannot decide the motion for a protective order pursuant to Rule 26(c)"). Regardless, Kalshi has failed to show the requisite good cause warranting relief under Federal Rule of Civil Procedure Rule 26(c) because it has not even attempted to demonstrate that "a clearly defined, specific and serious injury" will occur absent a protective order. *In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006). The Subpoena is valid, this is not the appropriate forum for this dispute, and the matter is not ripe for review.

## I. The Subpoena Is Not Based on the Misconduct at Issue in the Enforcement Action and OAG is Authorized to Issue Subpoenas During a Pending Action

In arguing that the Subpoena and the Petition are of the same ilk because they both concern advertising, Kalshi misses a critical distinction. The seventh cause of action in the Petition focuses on the *act* of promoting or advertising an unlicensed sports gambling platform to persons in New York, while the Subpoena focuses on the potentially false or deceptive *content* of Kalshi's advertisements and statements to consumers. In other words, OAG does not need discovery on its seventh cause of action to prevail because any advertisements by Kalshi to New Yorkers concerning its unlicensed gambling platform constitute a *per se* violation of Racing Law § 1367-a(4)(b). The same is true of OAG's bookmaking charge, which is unrelated to OAG's investigation into whether Kalshi's interactions with market makers, including an affiliate market maker, make Kalshi's marketing claims misleading. Indeed, with its request for expedited relief, OAG supported the Petition's allegations with evidentiary proof sufficient to prove its claims.

At most, the cases cited by Kalshi merely stand for the proposition that OAG cannot ordinarily use the subpoena process for "the *sole* purpose of aiding [OAG] in the prosecution of [a pending] action," *Anaconda Wire*, 256 N.Y.S.2d at 123 (emphasis added), or to seek "non-discoverable evidence," *Butler*, 85 N.Y.S.3d at 845-46 (quashing subpoena in criminal case where prosecution specifically sought discovery that was expressly prohibited by statute). That is plainly not the case here, and simply because some of the material sought *could* be used to support OAG's claims does not make the subpoena invalid.

Further, Executive Law § 63(12) expressly authorizes OAG to issue subpoenas following the commencement of a lawsuit. *See* N.Y. Exec. L. § 63(12) (stating that OAG's authority to issue subpoenas "shall not abate or terminate by reason of any action proceeding brought by the attorney general under this section."). Accordingly, New York courts have upheld the validity of subpoenas issued after the commencement of a lawsuit and in furtherance of an ongoing investigation. *State v. Mobil Oil Corp.*, 40 A.D.2d 369, 370 (1st Dep't 1973), *aff'd sub nom. People v. Mobile Oil Corp.*, 33 N.Y.2d 627 (1973) (denying motion to quash investigatory subpoena issued after the commencement of a civil action because it was relevant to a continuing investigation by OAG into relevant industry).

## II. The Court Should Abstain from Adjudicating the Validity of OAG's Subpoena

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are generally required to "abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Cuomo v. Dreamland Amusements*, No. 08 Civ. 6321 JGK, 2008 WL 4369270, at *9 (S.D.N.Y. Sept. 22, 2008) (quoting *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002)). *Younger* abstention applies when (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding;

and (3) the state proceeding affords the petitioning party an adequate opportunity for judicial review of the federal claims. *Id.* The issuance of an investigatory subpoena under state law constitutes an "ongoing state proceeding" requiring *Younger* abstention. *See Dreamland*, 2008 WL 4369270, at *9-10; *J. & W. Seligman & Co. Inc. v. Spitzer*, No. 05 Civ. 7781 (KMW), 2007 WL 2822208, at *5 (S.D.N.Y. Sept. 27, 2007). Here, the Subpoena and OAG's investigation implicate OAG's important interest in securing an honest marketplace and investigating potential fraud, including false advertising, by a New York company. *See People v. H & R Block Tax Serv., Inc.*, 58 A.D.3d 415, 417 (1st Dep't 2009) (stating that New York has a "vital interest in securing an honest marketplace in which to transact business"). Because the state proceeding provides an opportunity for judicial review of any defenses Kalshi may raise, *Younger* abstention applies.

### III. Kalshi Cannot Meet Its Burden of Establishing Good Cause Because Its Request for a Protective Order Is Not Ripe

Notwithstanding the foregoing, Kalshi's request for a protective order is premature. A party's challenge to a state attorney general's subpoena becomes "ripe" for adjudication when the subpoenaed party "cannot refuse to respond to the document demands without consequence." *Mohammadi v. Tong*, No. 3:24-CV-01473-KAD, 2025 WL 1029862, at *2 (D. Conn. Apr. 7, 2025) (finding defendants' action for a protective order was premature where Connecticut attorney general had not moved to compel and state court had not granted any such motion, and therefore good cause did not exist).

Similarly, here, because the New York Supreme Court has not yet issued an order requiring Kalshi to comply with OAG's subpoena, Kalshi cannot show that it will suffer from an injury absent a protective order and, accordingly, Kalshi's request is not ripe for review. *See* CPLR § 2308(b) ("[I]f a person fails to comply with a subpoena which is not returnable in court, the issuer . . . may move in the supreme court to compel compliance. If the court finds that the subpoena was authorized, it shall order compliance …"); *see also Shulz v. I.R.S.*, 395 F.3d 463, 463 (2d Cir. 2005) (finding suit challenging the issuance of IRS summonses was not ripe because IRS had not sought to compel production of the documents and accordingly, plaintiff had failed to establish the threat of any injury); *accord Google, Inc. v. Hood*, 822 F.3d 212, 224-225 (5th Cir. 2016) (finding that a federal challenge to a subpoena issued by the Mississippi attorney general was not ripe for review and declining to intervene "when there is no current consequence for resisting the subpoena and the same challenges raised in the federal suit could be litigated in state court.").

### IV. The All Writs Act Does Not Provide a Basis for Relief

The AWA does not provide a basis for Kalshi's requested relief. First, the AWA does not cure the lack of subject matter jurisdiction over the improperly removed instant action. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002). Moreover, Kalshi cannot establish the relief sought is necessary or appropriate in aid of the court's jurisdiction. 28 U.S.C. § 1651. The cases cited by Kalshi are far afield from the circumstances here. *See, e.g., Davis Int'l, LLC v. New Start Grp. Corp.*, 367 F. App'x 334, 338 (3d Cir. 2010) (upholding injunction where state court action was a fraudulent attempt to subvert the removal statute and plaintiffs' admitted their state court action sought discovery that had been stayed in federal court); *In re Baldwin-United Corp.*, 770 F.2d 328, 337 (2d Cir. 1985) (upholding injunction as necessary because state attorney general actions would impair the federal court's ability to approve multidistrict class action settlements under Fed. R. Civ. P. 23).

Based on the foregoing, OAG respectfully requests that the Court deny Kalshi's request for a protective order.

Respectfully submitted,

**MILBANK LLP**

_______________________
Nola B. Heller
Matthew J. Laroche
Katherine Kelly Fell
Nicole D. Valente
55 Hudson Yards
New York, NY 10001
(212) 530-5108
nheller@milbank.com

*Counsel for KalshiEX LLC*

**LETITIA JAMES**
**Attorney General of the State of New York**

/s/ *Nina M. Varindani*
Nina M. Varindani
K. Brent Tomer
Alejandra de Urioste
Tanya Trakht
28 Liberty St
New York, NY 10005
(212) 416-8488
nina.varindani@ag.ny.gov

*Counsel for the People of the State of New York*

cc: All counsel (via ECF)
Encl.: Exhibit A – September 25, 2026 Subpoena
Exhibit B – July 31, 2026 Subpoena